THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western Division

| | |
|---|---|
| BARTON COLLEGE,<br><br>              Plaintiff,<br><br>v.<br><br>ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP,<br><br>              Defendant. | Civil Action No.: 5:19-cv-318<br>(formerly Case No. 19-CVS-965<br>in the Superior Court of Wilson County) |

## NOTICE OF REMOVAL

Defendant Aramark Management Services Limited Partnership ("Aramark"), by counsel, hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Superior Court for Wilson County, North Carolina ("State Court") to the United States District Court for the Eastern District of North Carolina and respectfully states to this Court the following:

1. On June 25, 2019, Plaintiff Barton College ("Plaintiff") commenced this action by filing a complaint (the "Complaint") assigned case number 19-CVS-965 in the Superior Court for Wilson County, North Carolina. (*See* Complaint attached hereto as *Exhibit A*).

2. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Aramark: (1) satisfied the procedural requirements for removal; and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

3. Aramark submits this Notice of Removal without waiving, and expressly reserving, the right to assert any and all defenses.

## I. Defendant Has Satisfied the Procedural Requirements for Removal.

4. Aramark first received notice of the Complaint on June 26, 2019 when service was affected on Aramark's registered agent for service of process. *See Exhibit A*.

5. This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…."

6. Venue is proper in this Court pursuant to 28 U.S.C. § 127(a) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

7. No previous application has been made for the relief requested herein.

8. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon or mailed to Aramark is attached as *Exhibit A* hereto and incorporated herein.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being served upon Plaintiff, and a copy is being filed with the Clerk of the Superior Court of Wilson County.

## II. Removal Is Proper Because This Court Has Diversity Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441.

10. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332 which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between - (1) citizens of different States..." 28 U.S.C. § 1332(a).

A.   <u>There is Complete Diversity Between the Parties.</u>

11.   Diversity of citizenship is determined at the time an action is commenced. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S. Ct. 858 (1991).

12.   Pursuant to 28 U.S.C. § 1332(c), a corporation is deemed to be a citizen of both the state in which it is incorporated and in which it maintains its principal place of business. *Johnson v. Advance Am.*, 549 F.3d 932, 935 (4th Cir. 2008) (holding "statute's use of the conjunctive gives dual, not alternative, citizenship to a corporation whose principal place of business is in a State different from the State where it is incorporated.")

13.   According to the Complaint, Plaintiff is an independent private college located in Wilson, North Carolina. (Compl. ¶ 3.) Further, Plaintiff is registered to do business in the state of North Carolina and registered as a domestic non-profit corporation with its principal place of business in Wilson, North Carolina.

14.   Aramark is a Delaware limited partnership with its principal place of business in Delaware. As a limited partnership, Aramark has the citizenship of its partners. *See Cmty. Motors Prop. Assocs. Ltd. P'ship v. McDevitt St. Bovis, Inc.*, No. 94-1949, 1995 U.S. App. LEXIS 15508, at *3 (4th Cir. June 22, 1995) (affirming lower court ruling that "for purposes of establishing diversity of citizenship, a limited partnership is a citizen of every state of which one of its partners is a citizen[.]")

15.   Aramark's partners are Aramark SMMS LLC and Aramark Services, Inc.

16.   Aramark SMMS LLC is a Delaware limited liability corporation with is principal place of business in Philadelphia, Pennsylvania.

17.   Aramark SMMS LLC's sole member is Aramark Services, Inc., which is a Delaware corporation with its principal office located in Philadelphia, Pennsylvania.

3

18. As a result, Aramark is a citizen of Delaware and Pennsylvania for purposes of determining the existence of diversity jurisdiction.

19. As Plaintiff is a citizen of North Carolina, and Aramark is a citizen of Delaware and Pennsylvania, complete diversity exists between the parties.

B. <u>The Amount in Controversy Requirement is Satisfied.</u>

20. "The party seeking removal has the burden of establishing by a preponderance of the evidence that the jurisdictional threshold amount in controversy is met." *Bartnikowski v. NVR, Inc.*, 307 F. App'x. 730, 734 (4th Cir. 2009). *See also*, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

21. The Fourth Circuit defines the amount in controversy as "the pecuniary result to either party which [a] judgment would produce." *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Emp. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)).

22. A party's prayer for relief can evidence the amount in controversy. *Gentry v. Hyundai Motor Am., Inc.*, No. 3:13-cv-00030, 2017 U.S. Dist. LEXIS 8609, at **191-92 (W.D. Va. Jan. 23, 2017) (holding that compensatory damages and damages such as attorneys' fees are appropriate to include in the amount-in-controversy calculation).

23. In the instant matter, Plaintiff's prayer for relief requests damages in excess of $25,000 for, *inter alia*, overpayment "throughout the period of July, 2009, through December 2018 . . ." (Compl. at pg. 6.)

4

24. Plaintiff's Complaint further alleges that it sent a demand letter for payment in the sum of $1,331,284.69 which Plaintiff alleges to represent an amount by which Plaintiff was overbilled from July 2006, through November 2018. (Compl. ¶ 12.)

25. Although Plaintiff's claim for damages is not entirely clear, a fair reading of the prayer for relief and supporting allegations establishes that Plaintiff seeks damages well in excess of $75,000.00.

26. As the request for compensatory damages is greater than $75,000.00, the amount-in-controversy requirement is satisfied.

27. Because the United States District Court for the Eastern District of North Carolina has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332, which provides for "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different" states, this case is properly removable pursuant to 28 U.S.C. § 1441, in its entirety, to this Court, and this Court has jurisdiction over this matter.

WHEREFORE, Defendant Aramark Management Services Limited Partnership respectfully removes this action from the Superior Court Division for the County of Wilson, North Carolina, and requests that the action proceed in this Court as an action properly removed.

Respectfully submitted this the 26th day of July, 2019.

        **NELSON MULLINS RILEY & SCARBOROUGH LLP**

        By: /s/ Christopher J. Blake
           Christopher J. Blake
             N.C. State Bar No. 16433
           Jackson D. Wicker
             N.C. State Bar No. 44909
           4140 Parklake Avenue, Suite 200
           Raleigh, NC 27612
           Ph: (919) 877-3800
           Fax: (919) 877-3799

chris.blake@nelsonmullins.com
jackson.wicker@nelsonmullins.com

*Counsel for Defendant Aramark Management Services Limited Partnership.*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of July, 2019, a true and accurate copy of Defendant's *Notice of Removal* was sent via Federal Express to:

>William E. Wheeler
>Scott F. Wyatt
>Donavan J. Hylarides
>Wyatt Early Harris Wheeler LLP
>1912 Eastchester Dr., Suite 400
>High Point, NC 27265
>*Counsel for Plaintiff*

>NELSON MULLINS RILEY & SCARBOROUGH LLP
>
>By: /s/ Christopher J. Blake
>    Christopher J. Blake
>    N.C. State Bar No. 16433
>    4140 Parklake Avenue, Suite 200
>    Raleigh, NC 27612
>    Ph: (919) 877-3800
>    Fax: (919) 877-3799
>    chris.blake@nelsonmullins.com
>
>    *Counsel for Aramark Management Services Limited Partnership*