# EXHIBIT A

(Wilson County Case No. 19-CVS-965)

FAQ    Webinars    Contact Us                    Logout

Select Your Search Category            Our Services    Pricing    Demo                        Account

Other suggested searches:    Skip Trace    DMV Records    NC Infractions    NC Criminal Records

Edit search

## 🇺🇸 NC Civil Search by Case

```
VCIU 19CVS000965                                                          VCIU
NC AOC CIS              CIVIL CASE PROCESSING SYSTEM       07/25/19 19:18:44
WILSON                       ISSUE/ORDER DETAILS          **CAUTION COUNTY**
  PLDG TYPE CLK DT BY PARTY           AGAINST PARTY     CLK DT R  X BK  PG/
                                                                       ABS NUM

_ COMP CNTR 062519 BARTON COLLEGE     ARANARK MGT SERVICE
CASE INITIATION CLOCK DT: 062519      JURY REQUESTED: Y (Y,N)

ELIGIBLE FOR MEDIATED SETTLEMENT CONFERENCE: N (Y,N)


CALENDAR DATE: _____    TRIAL TIME: ____ _ (A,P,M)
LOCATION: ____
NOTES: _____



PRESIDING OFFICIAL ID: _____
PRESIDING OFFICIAL NAME:
FILE NUM: 19 CVS 000965
NAME                          SERVICE TYPE            ISSUED    SRVED/
 REASON RETURNED               SERVICE VEHICLE        DATE   HOUR ABS#
ARANARK MGT SERVICES LTD PTNSHP  REG SUMMONS          062519 10AM 062619
 SERVED - PERSONAL              CERTIFIED MAIL
FILE NUM: 19 CVS 000965
PLEADING TYPE           DATE
 PARTY NAME                   RESPONSE TYPE          RESPONSE DATE
```

Find tomorrow's clients today.
**Learn More.**

| Contact Us | Company | Other Tools and Services | Sales & Support |
|---|---|---|---|
| Email CourtSearch.com | About CourtSearch.com | DWI Calendar | 888-723-4263 |
| 1.888.723.4263 | Disclaimer | Court Calendar | FAQs |
|  | Privacy Policy | Castle Branch Employment Screening |  |
| Sir Tyler Drive | Site Map | CourtMail |  |
| Wilmington, NC | Links & Partnerships | Webinars |  |
| 28405 |  |  |  |

NORTH CAROLINA                 IN THE GENERAL COURT OF JUSTICE
                                    SUPERIOR COURT DIVISION

WILSON COUNTY               FILED     19 CvS 905

BARTON COLLEGE,

                              2019 JUN 25 A 10: 39

             Plaintiff,                   C.S.C.

v.

ARAMARK MANAGEMENT SERVICES
LIMITED PARTNERSHIP,

             Defendant.

---

### JURY TRIAL DEMANDED

COMES NOW Barton College (hereinafter "Barton"), Plaintiff in the above entitled action by way of complaint against Aramark Management Services Limited Partnership (hereinafter "Aramark") Defendant herein, and alleges and says the following by way of complaint against Defendant:

### PARTIES, JURISDICTION AND VENUE

1. Jurisdiction is proper in the Superior Court of Wilson County, North Carolina pursuant to N.C.Gen. Stat. §§ 7A-240, 7A-243.

2. Venue is proper in the Superior Court of Wilson County, North Carolina pursuant to N.C.Gen. Stat. § 1-82.

3. Barton is an independent private college located in Wilson, North Carolina.

4. Upon information and belief, Aramark is a foreign limited partnership whose last known office address was located at 1209 Orange St. Corporation Trust Center, Wilmington, Delaware, 19801. Upon further information and belief, Aramark's principal office is located at Aramark Tower, 1101 Market Street, Philadelphia, Pennsylvania 19107. Upon further information and belief, Aramark is currently authorized to do business in North Carolina, and has been so authorized since April 2, 1993. Upon further information and belief, Aramark's registered process agent in North Carolina is CT Corporation Systems, 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615.

COPY

## BACKGROUND FACTS

5. Barton and Aramark have had one or more contractual relationships for the purpose of Aramark providing facilities management services to Barton since 2003. Under all of those facilities management contracts, Aramark provided comprehensive maintenance, custodial and landscaping services to Barton. Those facilities management contracts were amended and renewed several times over the years. In 2009, the facilities management contract then in effect was amended by a new facilities management agreement with a ten (10) year term, which was further amended in 2016. Attached hereto, incorporated by reference and marked **Exhibit 1** is a copy of the facilities management agreement dated May 1, 2009, including amendments thereto from 2016 through 2018 (the "Facilities Management Contract").

6. Aramark's obligations and duties under the Facilities Management Contract essentially involved its complete and comprehensive management of Barton's building, maintenance, custodial services, and landscaping. Aramark carried out its performance of the Facilities Management Contract in such a way that Barton was superficially aware of what Aramark was doing, and was generally satisfied with what Barton could see of Aramark's performance. However, Aramark's payments for and billings to Barton under the Facilities Management Contract, upon which Barton relied, were secretive and murky, which practices continued throughout the period prior to and after 2009, through 2018, during the course of several changes in Barton's administration. The current administration of Barton took over in July, 2015.

7. In April, 2018, Barton engaged an outside consultant (R. Ledbetter and Associates, 5453 Huntington Marsh Rd, Murrell's Inlet, SC 29576) to conduct an operational assessment (The Ledbetter Assessment) of its current facilities management program including all components of its Facilities Management Contract with Aramark.

8. The Ledbetter Assessment was completed in July, 2018, pursuant to which Barton was provided with extensive information of which it was not previously aware concerning Aramark's performance of the Facilities Management Contract and in particular the payment and billing procedures

used by Aramark in connection therewith. Based upon the manner in which Aramark performed the Facilities Management Contract, especially its billings to Barton and due to its reliance upon Aramark, Barton could not reasonably have been aware prior to completion of the Ledbetter analysis of the full and complete nature of Aramark's performance, and in particular, the accuracy of its payment and billing procedures.

9. As a result of the Ledbetter analysis, Barton learned for the first time in October, 2018, that Aramark had overbilled Barton in the sum of approximately $1,331,284.69 during the period of July 20, 2006, through October 30, 2018. Based upon the pattern of Aramark's overbilling discovered during the Ledbetter analysis, Barton then suspected that it was overbilled by Aramark during the period 2003 through July, 2006, but does not have sufficient records to establish such overbilling with accuracy prior to July 20, 2006. Attached hereto, marked as Exhibit 2, and incorporated herein by reference is a Barton spreadsheet indicating overbillings by Aramark to Barton from July 20, 2006, through October 30, 2018, for which Barton has backup documentation as a result of the Ledbetter analysis and Barton's own investigation beginning in 2018.

10. Upon Barton's discovery of Aramark's aforesaid overbilling, Barton promptly notified Aramark of its findings and demanded an explanation, which Aramark failed and refused to provide to Barton on a timely basis. See Exhibit 3 attached hereto (without attachments) and incorporated herein by reference.

11. On September 25, 2018 Barton gave notice to Aramark of Barton's intent to terminate the Facilities Management Contract effective December 31, 2018. See Exhibit 4 attached hereto and incorporated herein by reference.

12. As a result of the foregoing, Barton engaged legal counsel who sent to Aramark on Barton's behalf a demand letter for prompt payment of the sum of $1,331,284.69, representing the amount of the overbillings from July, 2006, through November 2018 which Aramark failed and refused to pay. See Exhibit 5 attached hereto and incorporated herein by reference.

13. As a result of subsequent discussions Aramark represented and promised Barton that

3

2426794

Aramark would promptly provide to Barton Aramark's analysis of its billings, and admitted that there may have been overbillings but not to the extent asserted by Barton. Notwithstanding the foregoing, Aramark failed and refused to provide to Barton any analysis of Aramark's billings to Barton until February, 2019.

14. On or about February 11, 2019, Aramark provided to Barton a brief written analysis admitting to Barton that Aramark had in fact overbilled Barton, but that such overbillings were limited to approximately $20,000.00. See **Exhibit 6** attached hereto and incorporated herein by reference.

15. Effective November 30, 2018, Barton and Aramark entered into a tolling agreement (the "Tolling Agreement") which tolled the applicable statute(s) of limitations from that date until the termination of the Tolling Agreement; and which further provided that no action would be filed by either party against the other until the expiration of the Tolling Agreement, unless the Tolling Agreement was terminated by either party on fifteen (15) days written notice. Attached hereto marked **Exhibit 7 and 7(a)**, and incorporated herein by reference, are copies, respectively, of the Tolling Agreement and the latest amendment to and extension of the Tolling Agreement, which currently expires on June 30, 2019.

16. At all relevant times, Barton performed its obligations under the Facilities Management Contract.

17. Aramark's aforesaid overbilling constituted a breach of its Facilities Management Contract with Barton as a result of which Barton has been damaged in a sum in excess of $25,000.00.

18. Aramark's aforesaid overbilling from and after July 20, 2006 consisted of an ongoing pattern and practice of willful deceit of Barton in commerce in North Carolina, upon which Barton relied to its detriment, and which Barton neither discovered nor could reasonably have discovered until July, 2018.

19. Aramark's aforesaid overbilling constituted continuing wrongdoing from after July 20, 2006, through December 31, 2018.

20. Aramark's aforesaid overbilling was the result of substantial aggravating circumstances attending the breach of its Facilities Management Contract with Barton.

4

2426794

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

#### (Breach of Contract)

21. Barton hereby incorporates by reference each and every allegation previously set forth herein as if again repeated here at.

22. The Facilities Management Contract constituted a binding contract between the parties.

23. At all relevant times, Barton performed its obligations under the Facilities Management Contract.

24. As detailed above, Aramark breached the Facilities Management Contract which breach was attended by egregious and substantially aggravating circumstances, and which breach was in and affecting commerce in North Carolina.

25. As a result of Aramark's breach of the Facilities Management Contract, Aramark is indebted to Barton in a sum in excess of $25,000.00 by way of actual damages.

### SECOND CAUSE OF ACTION

#### (Breach of the Covenant of Good Faith and Fair Dealing)

26. Barton hereby incorporates by reference each and every allegation previously set forth herein as if again repeated here at.

27. The Facilities Management Contract constituted a binding contract between the parties.

28. At all relevant times, Barton performed its obligations under the Facilities Management Contract.

29. Aramark's actions, as detailed above, have injured the right of Barton to receive the benefits of the Facilities Management Contract and have deprived Barton of the fruits of the parties' bargain. Aramark therefore breached the implied covenant of good faith and fair dealing which North Carolina law implies in all contracts.

30. As a result of Aramark's breach of the implied covenant of good faith and fair dealing, Aramark is indebted to Barton in a sum in excess of $25,000.00 by way of actual damages.

5

2426794

## THIRD CAUSE OF ACTION

### (Setoff and/or Recoupment)

31. Barton hereby incorporates by reference each and every allegation previously set forth herein as if again repeated here at.

32. Aramark has asserted, and Barton denies, that Barton is indebted to Aramark in the sum of approximately $797,181.07 for sums owed during the period of August through December, 2018, arising out of the Facilities Management Contract.

33. As a result of the foregoing claims by Barton against Aramark, Barton asserts its right of setoff and/or recoupment to the extent of any monies owed by Barton to Aramark under the Facilities Management Contract during the period January 1, 2016, through December 31, 2018, as well as, other sums arising out of any other business between the parties.

WHEREFORE, Barton is entitled to have and recover of Aramark actual damages in a sum in excess of $25,000.00 as a result of Aramark's egregious breach of contract and breach of the implied covenant of good faith and fair dealing throughout the period of July, 2009, through December, 2018, and in particular, for the periods of January 1, 2015, through December 31, 2018, and/or January 1, 2016, through December 31, 2018, which breaches were in and affecting commerce in North Carolina. In addition to the foregoing, Barton is entitled to setoff and/or recoup of its claims against Aramark, to the extent of any and all outstanding sums owed to Aramark by Barton pursuant to the Facilities Management Contract or otherwise. In addition, Barton is entitled to have and recover of Aramark the cost of this action, and such other and further relief as to the Court shall seem just and proper, including any and all attorney's fees allowed by law and/or the Facilities Management Contract.

This the _____ day of _____, 2019.

WYATT EARLY HARRIS WHEELER LLP
*Attorneys for Plaintiff*
1912 Eastchester Dr., Suite 400
High Point, NC 27265

By: /s/ William E. [signature]

William E. Wheeler
NC State Bar: 6917
Telephone: (336) 819-6017

By: _____
Scott F. Wyatt
NC State Bar: 18764
Telephone: (336) 819-6007

By: _____
Donavan J. Hylarides
NC State Bar: 44487
Telephone: (336) 819-6009

## VERIFICATION

NORTH CAROLINA

_____Wilson_____ COUNTY

David A. Browning, BEING DULY SWORN, DEPOSES AND SAYS:

That I am the Vice President of Administration and Finance of Barton College, and as such I have been duly authorized to verify the foregoing Complaint; I have read the foregoing Complaint, and it is true of my own knowledge, except as to those matters stated upon information and belief, and as to those I believe them to be true.

THIS the 18 day of June, 2019.

_____David A. Browning_____
David A. Browning


NORTH CAROLINA

_____WILSON_____ COUNTY

I, JUDI B. ETHERIDGE, a Notary Public of the State of North Carolina and County of WILSON, certify that David A. Browning appeared before me this day and at the same time, and place all of the following occurred: (a) the aforesaid individual appeared in person before me; (b) the aforesaid individual was personally known to me, or identified by me through satisfactory evidence; and (c) the aforesaid individual either indicated and acknowledged to me that the signature on the above document was his, or signed the above document while in my physical presence, and while being personally observed by me doing so.

JUNE 18, 2019            _____Judi B. Etheridge_____
Date                     Signature of Notary Public

                         JUDI B. ETHERIDGE, Notary Public
                         (Printed Name)

                         My Commission Expires: JULY 11, 2023

(Official Seal)



8

| STATE OF NORTH CAROLINA | File No. 19 CVS 965 |
|---|---|
| Wilson County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| Barton College | |
| Address | **CIVIL SUMMONS** |
| c/o William E. Wheeler, 1912 Eastchester Dr., Suite 400 | ☐ ALIAS AND PLURIES SUMMONS |
| City, State, Zip | |
| High Point                                    NC    27265 | G.S. 1A-1, Rules 3, 4 |
| **VERSUS** | Date Original Summons Issued |
| Name Of Defendant(s) | |
| Aramark Management Services Limited Partnership | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Aramark Management Services Limited Partnership<br>c/o CT Corporation Systems, Registered Agent<br>160 Mine Lake Court<br>Suite 200<br>Raleigh, North Carolina 27615 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| William E. Wheeler<br>Wyatt Early Harris & Wheeler, LLP<br>1912 Eastchester Dr., Suite 400<br>High Point, NC 27265 | 6-25-19 | 10:— | ☒ AM  ☐ PM |
| | Signature | | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT | Date Of Endorsement | Time | ☐ AM  ☐ PM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts                              (Over)

Case 5:19-cv-00318-BO   Document 1-1   Filed 07/26/19   Page 11 of 14

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
©2001 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | | File No. 19 CVS 965 |
|---|---|---|
| Wilson County | | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| Barton College | **CIVIL SUMMONS** |
| Address | |
| c/o William E. Wheeler, 1912 Eastchester Dr., Suite 400 | ☐ ALIAS AND PLURIES SUMMONS |
| City, State, Zip | |
| High Point NC 27265 | G.S. 1A-1, Rules 3, 4 |
| VERSUS | |
| Name Of Defendant(s) | Date Original Summons Issued |
| Aramark Management Services Limited Partnership | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Aramark Management Services Limited Partnership<br>c/o CT Corporation Systems, Registered Agent<br>160 Mine Lake Court<br>Suite 200<br>Raleigh, North Carolina 27615 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| William E. Wheeler<br>Wyatt Early Harris & Wheeler, LLP<br>1912 Eastchester Dr., Suite 400<br>High Point, NC 27265 | 0-25-19 | 10:— | ☒ AM ☐ PM |
| | Signature | | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

Case 5:19-cv-00318-BO   Document 1-1   Filed 07/26/19   Page 13 of 14

| | RETURN OF SERVICE | |
|---|---|---|
| I certify that this Summons and a copy of the complaint were received and served as follows: | | |

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
©2001 Administrative Office of the Courts