IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-318-BO

BARTON COLLEGE, )
        Plaintiff, )
)
)
v. )    O R D E R
)
ARAMARK MANAGEMENT )
SERVICES LIMITED PARTNERSHIP, )
        Defendant. )

This cause comes before the Court on defendant Aramark Management Services Limited Partnership's (Aramark) motion for partial judgment on the pleadings. Plaintiff Barton College has responded, Aramark has replied, and the matter is ripe for ruling. For the reasons that follow, Aramark's motion is granted.

## BACKGROUND

Barton College instituted this action by filing a complaint in Wilson County, North Carolina, Superior Court. Aramark removed the complaint pursuant to this Court's diversity jurisdiction. In its complaint, Barton College alleges claims for breach of contract, breach of the covenant of good faith and fair dealing, and setoff/recoupment. The claims arise from Aramark's alleged breach of a management services agreement between the parties. Barton College (Barton) and Aramark entered into a series of facilities management services agreements effective from 2003 to December 31, 2018. In 2009, the agreement then in effect was amended by a new facilities management agreement with a ten year term (the Agreement). The Agreement sets out that Aramark would provide to Barton certain facilities management services, including custodial management, grounds management, and plant operations and maintenance. The Agreement

further sets out how Aramark would bill Barton for these services, to include several distinct components. Barton was to pay Aramark an annual fee for some of the services provided, and this fee would be adjusted from time to time. In addition, Barton was to pay Aramark for amounts in excess of $1,000 for services performed by Aramark within the scope of the Agreement as well as for services performed outside the scope of the Agreement. Aramark was to submit monthly invoices to Barton for these costs.

Barton College alleges that it learned in late 2018 that Aramark had been overbilling it on its invoices dating back to at least 2006. Barton has calculated the overpayment as approximately $1,331,285. Aramark claims that Barton owes Aramark $797,181 on unpaid invoices. To facilitate settlement talks, the parties entered into a tolling agreement effective November 30, 2018. The tolling agreement tolled the applicable statutes of limitations from that date through the filing of this suit.

Barton filed the instant action, to which Aramark responded by filing a counterclaim for breach of contract and asserting a statute of limitations defense. Barton has responded to the counterclaim by asserting a setoff and recoupment defense. In this motion, Aramark contends that Barton is time-barred from bringing a claim based on any invoice submitted by Aramark on or before November 29, 2015.

## DISCUSSION

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) allows for a party to move for entry of judgment after the close of the pleadings stage, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Courts apply the Rule 12(b)(6) standard when reviewing a motion under Rule 12(c). *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 375 (4th Cir. 2012). "Judgment on the pleadings is not properly granted unless the moving party

2

has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000).

North Carolina, whose law the parties do not dispute applies here, imposes a three year statute of limitations for breach of contract claims. N.C. Gen. Stat. § 1-52(1); *see also Henlajon, Inc. v. Branch Highways, Inc.*, 149 N.C. App. 329, 335 (2002). "The claim accrues at the time of notice of the breach." *Henlajon*, 149 N.C. App. at 335. For claims arising from contracts which contemplate a continuum of payments, the statute of limitations runs independently against each payment installment as it comes due. *U.S. Leasing Corp. v. Everett, Creech, Hancock, & Herzig*, 88 N.C. App. 418, 426 (1988).

There appears to be no dispute that the statute of limitations in this case applies to each independent Aramark invoice. Thus, Barton is limited in its recovery on its claims for breach of contract and breach of the duty of good faith and fair dealing to claims arising from invoices paid on or after November 30, 2015, based upon the tolling agreement. Barton does not appear to contest this in its response to the motion for judgment on the pleadings. [DE 21 at 3]. Rather, Barton contends that the statute of limitations defense would not apply to its setoff/recoupment claim and defense. Recoupment is not, however, an affirmative claim, and must be presented as a defense; therefore, it is never barred by the statute of limitations. *Bull v. United States*, 295 U.S. 247, 262 (1935); *Carter v. CWABS, Inc. Asset-Backed Certificates Tr. 2005-14*, No. 5:14-CV-395-H, 2016 WL 9076838, at *1 (E.D.N.C. Feb. 2, 2016); *see also Settlers Edge Holding Co., LLC v. RES-NC Settlers Edge, LLC*, 250 N.C. App. 645, 661 (2016) ("Recoupment is limited to a set-off against the defendant's counterclaim, so plaintiffs cannot recover any damages, even if they were to present evidence of greater damages than what they would owe on defendant's counterclaim for

breach of contract."). Accordingly, to the extent Barton has alleged an affirmative claim for recoupment, it is unavailable. Barton may proceed with its defense of recoupment to Aramark's counterclaims, and it is unaffected by any statute of limitations.

## CONCLUSION

Accordingly, for the foregoing reasons, Aramark's motion for judgment on the pleadings [DE 19] is GRANTED.

SO ORDERED, this 28 day of Feb. , 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE